UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CHARLESETTA WILLIAMS**     **CIVIL ACTION NO. 21-3624**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**BEN RAYMOND, ET AL.**     **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Plaintiff Charlesetta Williams, who proceeds pro se and in forma pauperis, filed this proceeding on approximately October 12, 2021, under 42 U.S.C. § 1983. She names the following defendants: Chief of Police Ben Raymond, Sheriff Steve Prator, and Chief of Police Wayne Smith.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff's pleadings are largely incomprehensible. In her initial pleading, she writes only: "All Defendant False Arrest Indent Report 69401-146117 Mental 96401-146117 146117." [doc. # 1, p. 3].

Plaintiff filed an amended pleading on October 22, 2021. [doc. # 3]. It is a jumbled, rambling narrative. She first states that she would "like to appeal case summors [sic] for ex Chief of Police Ben Raymond. [sic]." *Id.* She then writes: "Gerald Ataway hased a disc of [several individuals] the disc is in the car shop a office Allen Atkins on IT Allen Atkins car on lot camera in it 50 white officer picture L.W.T. Badge NM 1551 Charlesetta W. on lot with camera in car Shreveport Police car Corpal Davis . . . arrest me in car in handcuff a mistermena

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

drug P. a misterm mena drinking in public A. Felony drug note . . . [sic]." *Id.* At best, from what the undersigned can discern, Plaintiff is alleging (1) that she was arrested for a drug charge and a drinking-in-public charge and (2) that there is either video or photographic evidence of her arrest.

Plaintiff filed an inscrutable third pleading on November 3, 2021. For context, the undersigned presents portions of the pleading verbatim:

> A suspicious crime stalking outside in the public Southern University College . . . Southern Police Headman Gerald Ataway Boss Gerald Ataway Universal Police Officer Security Guard Shreveport Police Officer in car a camera Charlesetta Williams . . . a disc a lap-top computer with a tape mother children grand children I will like to file criminal charges with the court a pressed the A Illegal crime Gerald Ataway is in F.B.I. custody a fugitive A warrant for murder $100.000 afdusta police of the jail he were in the disc were made lap-top computer stalking devices were made by Sheriff Steve Prator C.C.C. . . . City Marshall Jon-Jon Shreveport City Jail . . . in their disc in office Lt. Sup. Lt. Barry Newton he were made by Lt. Hamilton Shreveport Police Dpt. Substation Office M.L.K. Jr. Community they hire him with them F.B.I. Federal Agent S-port Division hade him relese of jail FCCourt them Her C.
>
> . . . .
>
> Corpal Davis . . . her Chief of Police Wayne Smith . . . Federal Agent M.B. Kinder hased a picture of the disc in shop with a officer hand on it Allen Atkins so white officer picture L.W.T. Badge Nm 1551 cars on lot camera ME Corpal Davis 204 Sup SSI Wayne Smith a mistermena drug P 2 counts drinking in public felony drug note 2700 Blk M.L.K. Dr. picture of me in backseat arrested in handcuff picture of her lap-top computer in car picture of Hert Allen Atkins Back of Car I will like to file criminal charges kindnappind I routhe from their Shreveport City Jail 755 Hope St. S. Port LA 71101 Lt. Sup disc in Office

[doc. # 8, pp. 1, 3].

For relief, Plaintiff wants to "file criminal charges," and she also seeks, "Case violations of civil rights." [doc. #s 1, p. 4; 8, p. 1].

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Vague and Conclusory Allegations**

Stripped of the chaff, and even considering the pleadings liberally and in Plaintiff's favor, Plaintiff offers only threadbare recitals of causes of action, conclusory statements, and a fantastical allegation. For instance, she alleges without context, "false arrest." [doc. # 1, p. 3].

This claim is conclusory: Plaintiff simply presents a label and invites the question, why was her arrest "false?"

Plaintiff alleges that Corporal Davis arrested her. [doc. # 3]. This allegation is as conclusory as the last; an arrest alone does not amount to a violation of constitutional or federal law. Moreover, Plaintiff does not name Corporal Davis as a defendant.

Plaintiff next alleges, "A suspicious crime stalking outside in the public Southern University College . . . [sic]." [doc. # 8, p. 1]. She appears to fault Gerald Ataway, but she does not name Ataway as a defendant. She also suggests that she was kidnapped, but she does not name a responsible defendant. *Id.* at 3. Further, she does not seek cognizable relief for these putative claims. She wants to "file criminal charges," but the Court cannot grant this relief. There is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).[2] Moreover, investigating and prosecuting possible criminal activities lies in the exclusive jurisdiction of the executive branch of government. In the federal context, for example, prosecuting criminal actions lies in the discretion of the Attorney General of the United States and duly authorized United States Attorneys. Plaintiff mentions that she wants to "file charges with the U.S. Attorney." To that end, Plaintiff should contact the U.S. Attorney.[3]

---

[2] *See U.S. v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

[3] That said, Plaintiff should be aware that if a prosecuting authority investigates and chooses to forego filing charges, "[t]he decision to file or not file criminal charges . . . will not give rise to section 1983 liability." *Oliver*, 904 F.2d at 281. The courts "allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." *U.S. v. Lawrence*, 179 F.3d 343, 348 (5th Cir. 1999); *see, e.g. Hymel v. Champagne*, 2007 WL 1030207, *2 (E.D. La. 2007) (denying a plaintiff's request to investigate a

Plaintiff alleges that Sheriff Prator made either a "disc" and/or a "lap-top computer stalking device." [doc. # 8, p. 1]. This claim approaches the fantastical and "clearly baseless" realm. *See Cledera v. United States,* 834 F. App'x 969, 971 (5th Cir. 2021) (finding, where the plaintiff alleged *inter alia* that officials stalked and harassed him with wiretaps and cloning devices, that the allegations were fantastic and clearly baseless). But more important, Plaintiff does not explain how Prator's alleged actions harmed her or violated her constitutional rights.

Plaintiff also fails to seek any cognizable relief. The Court's standard form/questionnaire instructed Plaintiff to state "exactly what you want the court to provide to you or do for you[,]" and Plaintiff responded with the nonspecific remark, "Case violations of civil rights." Perhaps Plaintiff means that her civil rights were violated; however, she does not specify the relief she seeks.

Overall, despite the Court instructing Plaintiff to "state the facts" and to "specifically describe the involvement and actions of each named defendant,"[4] Plaintiff presents only a stream-of-consciousness montage replete with disjointed, vague, and formulaic allegations.[5] The

---

correctional center: "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such investigations are solely within the purview of law enforcement authorities.").

[4] [doc. # 1, p. 4].

[5] *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) ("An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(d)."); *Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (affirming dismissal of pleadings which contained "'stream of consciousness' lists of alleged acts of wrongdoing on the part of prison officials," and "vague assertions of harassment or mistreatment[.]"); *Montgomery v. Walton*, 759 F. App'x 312, 313 (5th Cir. 2019); *Clark v. Waters*, 407 F. App'x 794, 795 (5th Cir. 2011).

Court need not accept her allegations as true.[6]

"Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies." *Johnson v. Russ*, 2021 WL 4768371, at *1 (5th Cir. Oct. 12, 2021). However, "sua sponte dismissal without notice may be permissible . . . if the plaintiff has alleged his best case." *Id.* Relatedly, while "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed[,] . . . leave to amend is not required when an amendment would be futile." *Cledera*, 834 F. App'x at 972.

Here, further amendment would be futile, considering Plaintiff's three deficient pleadings and her history of filing frivolous proceedings.[7] She has amended twice without improving her allegations. Further, federal district courts have, in at least three separate proceedings, dismissed her claims as frivolous: *Charlesetta Williams v. Caddo Correctional Center, et al.*, 5:08-cv-0745 (W.D. La. Sept. 2008); *Charlesetta Williams v. Caddo Correctional Center*, 5:09-cv-0381 (W.D. La. Aug. 2009); *Charlesetta Williams v. Hostaman Hitchmiches*, 5:09-cv-0382 (W.D. La. Aug. 2010). And, as one federal magistrate judge recently remarked, "Further evidence of the lack of merit in Plaintiff's submissions can be found in In re Charlesetta Williams, 14-mc-0041, where the clerk of court has recorded several blank or unintelligible filings received from Plaintiff over the years." *Charlesetta Williams v. Steve Prator, et al.*, 5:21-cv-3799 (W.D. La. Nov. 2021). Accordingly, the Court need not afford Plaintiff a third opportunity to amend before dismissing

---

[6] *See Clark v. Thompson*, 850 F. App'x 203, 212 (5th Cir. 2021) (declining to treat bare assertions as true).

[7] *See Cledera*, 834 Fed. App'x at 972 (finding that amendment would be futile because the plaintiff's claims "did not contain sufficient factual matter giving rise to the inference that the defendants are liable for the alleged misconduct" and thus were "clearly baseless[.]").

her claims, and this Report and Recommendation provides Plaintiff notice of sua sponte dismissal and an opportunity to file any objections.[8]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Charlesetta Williams's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of December, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge

---

[8] Sua sponte dismissal is also warranted because Plaintiff filed her claims on the Court's standard questionnaire.  [doc. # 1].  *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) ("The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to bring into focus the factual and legal bases of prisoners' claims.").